An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

TIM RADECKI, AN INDIVIDUAL,
Appellant,
vs.
BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP,
Respondent.

No. 65005

**FILED**

NOV 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.[1]

The district court granted respondent's motion to dismiss, finding that appellant had failed to state a viable claim for relief because "[t]he 'super priority' lien established by N.R.S. § 116.3116 is not a standalone lien that a homeowner's association can foreclose upon constituting a senior position to all prior first security interests. Rather, the 'super priority' lien establishes a payment priority relative to a first security interest . . . ." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2)

---

[1]Appellant's February 10, 2014, notice of appeal indicates that he is appealing from a February 3, 2014, "corrected" order of dismissal signed by Judge Michael Villani. Because this corrected order is identical to the initial January 27, 2014, order signed by Judge Jessie Elizabeth Walsh, we construe this appeal as challenging the January 27 order. *Campos-Garcia v. Johnson*, 130 Nev. ___, ___, 331 P.3d 890, 891 (2014).

superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decision thus was based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

cc:    Hon. Jessie Elizabeth Walsh, District Judge
      Hon. Michael Villani, District Judge
      Meier & Fine, LLC
      Akerman LLP/Las Vegas
      Kravitz, Schnitzer & Johnson, Chtd.
      Eighth District Court Clerk

